IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALLEN, SEAN GUILFOYLE, DAVID TROWBRIDGE, AND PAUL CHAPMAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>DOLLAR TREE STORES, INC.,<br><br>        Defendant.<br>_____ | 2:12-cv-00121-GEB-CKD<br><br><u>ORDER SEVERING PLAINTIFFS' CLAIMS AND REMANDING PLAINTIFF PAUL CHAPMAN'S CLAIMS</u> |

        Defendant Dollar Tree Stores, Inc. ("Dollar Tree") moves under Federal Rule of Civil Procedure ("Rule") 21 for an order that would sever each Plaintiff's claims into different cases, and that would remand Plaintiff Paul Chapman's ("Chapman") case to the state court from which this action was removed. Plaintiffs Thomas Allen ("Allen"), Sean Guilfoyle ("Guilfoyle"), David Trowbridge ("Trowbridge"), and Chapman (collectively, "Plaintiffs") oppose the motion.

        Rule 21 permits the court to drop any party from a civil action because of misjoinder. Rule 20(a) permits the joinder of plaintiffs in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Dollar Tree argues

1

"Plaintiffs' claims are improperly joined under FRCP Rule 20 as their claims do not arise out of the same transaction or occurrence, or series thereof, and do not share a common question of law or fact[.]" (Def.'s Notice of Mot. ¶ 2.)

Each Plaintiff alleges in the complaint that he was formerly employed with Dollar Tree as a Store Manager, a position that Dollar Tree classifies as exempt from California labor laws and California Industrial Welfare Commission ("IWC") Wage Orders. (Compl. ¶¶ 13 & 5.) Further, each Plaintiff alleges the same five claims for relief against Dollar Tree: (1) failure to pay overtime wages in violation of California Labor Code ("Labor Code") sections 510, 1194, and 1198 and IWC Wage Order 7; (2) failure to provide meal and rest periods in violation of Labor Code sections 226.7 and 512; (3) failure to provide accurate itemized wage statements in violation of Labor Code sections 226 and 1174; (4) failure to pay wages upon termination in violation of Labor Code section 203; and (5) unfair or fraudulent business practices in violation of Business and Professions Code sections 17200 et seq. (Compl. ¶¶ 27-59.)

Dollar Tree argues that under California law, "[t]he Court must conduct a week-by-week analysis for each [P]laintiff to determine if each was primarily engaged in exempt duties" during each week of his employment. Def.'s Mot. 14:13-14 (citing <u>Marlo v. United Parcel Serv., Inc.</u>, 639 F.3d 942, 948 (9th Cir. 2011) (noting that determining whether a plaintiff was exempt from California's labor laws "requir[es] a week-by-week showing of work [each Plaintiff] actually performed")). Dollar Tree further argues:

> [E]ach Plaintiff's claims depend upon highly individualized fact inquiries, including, but not limited to, the job tasks they performed, the amounts of time they spent performing exempt versus

2

    non-exempt tasks at each of the dissimilar stores they managed, the degree to which each met Dollar Tree's expectations for how the job should be performed, and the credibility of each of their current descriptions of their job duties.

(Def.'s Notice of Mot. ¶ 2.) Dollar Tree also argues that different witnesses will testify regarding each Plaintiff's claims, since Plaintiffs were Store Managers at different Dollar Tree Stores at different times; they reported to different District Managers; and they had different co-workers. (Def.'s Mot. 6:22-7:17.)

   Plaintiffs counter that their "claims arise out of the same series of transactions or occurrences," since "[e]ach of the . . . [P]laintiffs allege identical wage and hour violations." (Pls.' Opp'n 1:6-8.) Plaintiffs also argue that they "assert a single, common question of law: whether the[] position [of Store Manager] is properly classified as exempt." (Pls.' Opp'n 4:26-28.) Plaintiffs argue:

    To establish [his] claims, each Plaintiff will be obliged to call the same witnesses from [Dollar Tree's] corporate office to present the same evidence regarding the [Store Manager] job requirements, training, and [Dollar Tree's] policies and procedures. . . . [Dollar Tree] will likely call the same witnesses to testify about the company's expectations for the [Store Managers'] performance of exempt versus non-exempt work.

(Pls.' Opp'n 7:19-23.)

   However, the requirement that claims arise from the same series of transactions or occurrences is not met where "Plaintiff[s'] allegations against the Defendant[] rest upon distinct and independent sets of facts[,]" even if Plaintiffs' claims "share common legal and factual issues[.]" <u>Heritage Pac. Fin., LLC v. Cole</u>, No. CV 10-0394 PSG (JEMx), 2010 WL 1838106, at *2 (C.D. Cal. May 3, 2010); see also <u>Coal. for a Sustainable Delta v. U.S. Fish & Wildlife Serv.</u>, No. 1:09-CV-480 OWW GSA, 2009 WL 3857417, at *4 (E.D. Cal. Nov. 17, 2009) ("[A] basic

connection between the claims [is] insufficient . . . [where] each allegedly unlawful agency action affecting the smelt is largely distinct from the others." (internal quotation marks and citation omitted)). Here, each Plaintiff's claims "rest upon distinct and independent sets of facts," since each Plaintiff's exempt status depends on the work he actually performed during each week he was employed with Dollar Tree. Cole, 2010 WL 1838106, at *2. Further, "the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact.'" Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). Since each Plaintiff's "claims require significant 'individualized attention,' they do not involve 'common questions of law or fact.'" Coal. for a Sustainable Delta, 2009 WL 3857417, at *7 (quoting Coughlin, 130 F.3d at 1351). Therefore, the Rule 20 requirements for permissive joinder are not met.

"If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties [under Rule 21], so long as no substantial right will be prejudiced by the severance." Coughlin, 130 F.3d at 1350 (citations omitted). Dollar Tree argues that "severance . . . will impose no prejudice upon the individual Plaintiffs." (Def.'s Notice of Mot. ¶ 3.) Plaintiffs do not argue that any of their "substantial right[s] will be prejudiced by the severance." Coughlin, 130 F.3d at 1350. Therefore, Dollar Tree's severance motion will be granted.

Both Dollar Tree and Plaintiffs argue that Chapman's claims should be remanded to the state court from which this case was removed, since Chapman's claims "do[] not exceed the minimum amount in controversy requirement of $75,000" for this Court to have subject matter jurisdiction over his claims. (Def.'s Mot. 16:20-17:5; Pls.'

1  Opp'n p.1 n.1 ("Chapman's claim[s] do[] not meet the removal
2  requirements and must therefore proceed in state court.").)
3        For the stated reasons, Plaintiffs Guilfoyle, Trowbridge, and
4  Chapman's claims are severed from Plaintiff Allen's claims. The Clerk of
5  the Court shall open two new cases with consecutive numbers assigning
6  one to Plaintiff Guilfoyle and the other to Plaintiff Trowbridge.
7  Chapman's case is remanded to the Superior Court of California in the
8  County of Sacramento from which this case was removed.

Dated:  March 20, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

5